# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## NORTHERN DIVISION

UNITED STATES OF AMERICA,

      *Plaintiff*,                    CASE NO:  09-20589

*v.*                               DISTRICT JUDGE THOMAS L. LUDINGTON
                               MAGISTRATE JUDGE CHARLES E. BINDER

DEONTE LAJUAN DEGROAT,

      *Defendant*.

_____/

## MAGISTRATE JUDGE'S REPORT, FINDINGS AND RECOMMENDATION CONCERNING PLEA OF GUILTY

## I.    REPORT AND FINDINGS

This case was referred to the undersigned magistrate judge pursuant to 28 U.S.C. §§ 636(b)(1)(B) and 636(b)(3) for purposes of receiving, on consent of the parties, Defendant's offer of a plea of guilty. (Doc. 15.) Defendant and his counsel appeared before me on February 23, 2010. In open court, I examined Defendant under oath, confirmed Defendant's consent, and then advised and questioned Defendant regarding each of the inquiries prescribed by Rule 11(b) of the Federal Rules of Criminal Procedure. Although not contained in the body of the Rule 11 Plea Agreement, both parties agree that the attached worksheets correctly reflect that the Government may move for a third level of acceptance of responsibility.

Based upon Defendant's answers and demeanor, **I HEREBY FIND:** (1) that Defendant is competent to tender a plea; (2) that Defendant's plea was knowingly, intelligently made; and (3) that the offense to which Defendant pleaded guilty is supported by an independent basis in fact

containing each of the essential elements of the offense. Therefore, I have ordered the preparation of a presentence investigation report.

## II.   <u>RECOMMENDATION</u>

For the reasons set forth above, **IT IS RECOMMENDED** that, subject to the Court's consideration of the plea agreement pursuant to Rule 11(c) of the Federal Rules of Criminal Procedure, Defendant's plea be accepted, Defendant be adjudged guilty and the Court impose sentence.

## III.   <u>REVIEW</u>

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." FED. R. CIV. P. 72(b)(2). *See also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

s/ 𝕮𝖍𝖆𝖗𝖑𝖊𝖘 𝕰 𝕭𝖎𝖓𝖉𝖊𝖗

CHARLES E. BINDER
United States Magistrate Judge

Dated: February 24, 2010

## CERTIFICATION

I hereby certify that this Report and Reommendation was electronically filed this date, electronically served on Roy Kranz and Elias Escobedo, and served on District Judge Ludington in the traditional manner.

Date: February 24, 2010            By     s/*Jean L. Broucek*
                                   Case Manager to Magistrate Judge Binder